UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
T.A. an infant by her Foster Mother and
Guardian, JOANN ANDERSON and
JOANN ANDERSON, Individually,   **VERIFIED COMPLAINT**

          Plaintiffs,
    vs.   CIVIL ACTION NO.:

UNITED STATES OF AMERICA and
MT. SINAI HOSPITAL,

          Defendants.
-------------------------------------------------------X

      The infant plaintiff, T.A. by her Foster Mother and Guardian, JOANN ANDERSON and JOANN ANDERSON, Individually, by and through their attorney, John J. Appell, Esq. of Appell & Parrinelli, 3 West 35th Street, New York, New York 10001, complains of the defendants and herein allege as follows:

## PARTIES

1.) The infant plaintiff is a resident of New York County residing at 107 East 126th Street, New York, New York 10035.

2.) The plaintiff JOANN ANDERSON is the foster mother, natural grandmother and guardian of the infant plaintiff T.A.

3.) Upon information and belief, and at all times relevant to this complaint the defendant UNITED STATES OF AMERICA ("USOA") is the owner and/or operator of East Harlem Council for Human Services, Inc. d/b/a Boriken Neighborhood Health Center located at 2265 Third Avenue, New York, New York 10035.

4.) Upon information and belief, and at all times relevant to this complaint the defendant MT. SINAI HOSPITAL ("MSH") is the owner and/or operator of MT. SINAI HOSPITAL located at 1 Gustave L. Levy Place, New York, New York 10029.

## JURISDICTION AND VENUE

5.) This Court has subject matter jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b).

6.) The infant plaintiff T.A. and plaintiff JOANN ANDERSON have complied with 28 U.S.C. §2675 by presenting the proper administrative claims with a demand for a sum certain to the United States Department of Health and Human Services on or about March 15, 2017.

7.) Plaintiffs' administrative claims were denied on or about September 11, 2017.

8.) It has been less than six (6) months since the denial of plaintiffs' administrative claims.

9.) Plaintiffs invoke supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) for any and all claims against the defendant MSH.

10.) Venue lies in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(b) as plaintiffs reside in this jurisdiction and the acts and/or omissions of this complaint occurred in this jurisdiction.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

11.) Upon information and belief, and at all times relevant to this complaint and specifically from approximately March 9, 2015 through and including approximately June 17, 2016 the infant plaintiff was a patient of the defendant USOA at East Harlem Council for Human Services, Inc. d/b/a Boriken Neighborhood Health Center located at the aforementioned address.

12.) Upon information and belief, and at all times relevant to this complaint and specifically from approximately April 8, 2015 through and including approximately September 18, 2016 the infant plaintiff was a patient of the defendant MSH at the hospital and/or facility known as MT. SINAI HOSPITAL located at the aforementioned address.

13.) Upon information and belief, and at all times relevant to this complaint and specifically from approximately March 9, 2015 through and including approximately June 17, 2016 the physicians, doctors, nurses, aides, staff, personnel and/or employees who treated to the infant plaintiff at East Harlem Council for Human Services, Inc. d/b/a Boriken Neighborhood Health Center located at the aforementioned address were acting pursuant to and in furtherance in the course of their employment for the defendant USOA.

14.) Upon information and belief, and at all times relevant to this complaint and specifically from approximately April 8, 2015 through and including approximately September 18, 2016 the physicians, doctors, nurses, aides, staff, personnel and/or employees who treated to the infant plaintiff at MT. SINAI HOSPITAL located at the aforementioned address were acting pursuant to and in furtherance in the course of their employment for the defendant MSH.

15.) Upon information and belief, and at all times relevant to this complaint the defendant USOA at or through the East Harlem Council for Human Services, Inc. d/b/a Boriken Neighborhood Health Center located at the aforementioned address held itself out to be skilled in the treatment of various illnesses and conditions and in particular represented to the plaintiffs that its physician and staff were knowledgeable, qualified and competent to treat the infant plaintiff's medical conditions and complaints.

16.) Upon information and belief, and at all times relevant to this complaint the defendant MSH its physicians, doctors, residents, nurses, physicians' assistants, aides, staff and

personnel at MT. SINAI HOSPITAL located at the aforementioned address held themselves out to be skilled in the treatment of various illnesses and conditions and in particular represented to the plaintiffs that its physicians and staff were knowledgeable, qualified and competent to treat the infant plaintiff's medical conditions and complaints.

17.) Upon information and belief, and at all times relevant to this complaint and specifically from approximately March 9, 2015 through and including approximately June 17, 2016 the defendant USOA employed various medical providers including physicians, doctors, residents, nurses, physicians' assistants, aides, staff, personnel and/or employees at East Harlem Council for Human Services, Inc. d/b/a Boriken Neighborhood Health Center located at the aforementioned address who provided care for the infant plaintiff, thereby establishing a patient-physician and/or patient-health center relationship.

18.) Upon information and belief, and at all times relevant to this complaint and specifically from approximately April 8, 2015 through and including approximately September 18, 2016 the defendant MSH employed various medical providers including physicians, doctors, nurses, physicians' assistants, aides, staff, personnel and/or employees at the hospital and/or facility known as MT. SINAI HOSPITAL located at the aforementioned address who provided care for the infant plaintiff, thereby establishing a patient-physician and/or patient-hospital relationship.

19.) Upon information and belief, and at all times relevant to this complaint, the defendant USOA its physicians, doctors, residents, nurses, physicians' assistants, aides, staff and personnel held themselves out to be skilled in the treatment of various illnesses and conditions and in particular represented to the plaintiffs that it and they were knowledgeable, qualified and

competent to treat the infant's medical conditions and complaints from March 9, 2015 through and including approximately June 17, 2016.

20.)    Upon information and belief, and at all times relevant to this complaint, the defendant MSH its physicians, doctors, residents, nurses, physicians' assistants, aides, staff and personnel held themselves out to be skilled in the treatment of various illnesses and conditions and in particular represented to the infant plaintiff that it and they were knowledgeable, qualified and competent to treat the infant's medical conditions and complaints from approximately April 8, 2015 through and including approximately September 18, 2016.

## AS AND FOR INFANT PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST THE DEFENDANT USOA

21.)    Plaintiffs repeat and reallege the allegations set forth in paragraphs one (1) through twenty (20) as if set forth in full here.

22.)    On or about approximately March 9, 2015 through and including approximately June 17, 2016 the defendant USOA its aforementioned agents and/or employees negligently, carelessly and without regard for the infant plaintiff's health and well-being treated the infant plaintiff in a manner which resulted in severe and permanent bodily injury.

23.)    Upon information and belief, the severe and permanent bodily injuries suffered by the infant plaintiff were a direct and proximate result of the carelessness, negligence and improper care and treatment of the defendant USOA in that they: As a result of the medical care, diagnoses and treatment and/or negligent medical care, diagnoses and treatment at or by the defendant USOA at or through the Boriken Neighborhood Health Center by their physicians, doctors, nurses, aide, staff, personnel, employees and/or providers and their failure to provide proper medical care and/or treatment and/or failure to meet the accepted standard of care and/or

failure to properly and/or timely diagnose and/or misdiagnose and/or treat infant plaintiff's signs and symptoms and/or refer infant plaintiff to the proper medical professionals and/or specialists as a result of abnormal history, symptoms and/or test results discussed below the infant plaintiff was caused to sustain a stroke and/or right basal ganglia infarct on or about June 23, 2016.

The infant plaintiff was caused to become seriously injured and/or damaged and sustain a stroke and/or right basal ganglia infarct on June 23, 2016 resulting in the injuries discussed below as a result of the negligence and/or malpractice of the physicians, doctors, nurses, aide, staff, personnel and/or employees of the defendant USOA at Boriken Neighborhood Health Center in the ownership, operation, control and supervision of the aforementioned facility; in that they failed to diagnose and/or properly diagnose the infant plaintiff's medical condition; in rendering negligent care and treatment to the infant plaintiff; in failing to take a proper history of the infant plaintiff; in failing to recognize the signs and symptoms of the infant plaintiff's stroke and/or medical conditions and/or complaints and/or blood disorder and/or bone marrow disorder and/or platelet disorder and/or clotting disorder and/or sickle cell disorder; in failing to treat the infant plaintiff's medical conditions; in failing to timely treat the infant plaintiff's medical conditions; in failing to perform and/or properly perform the care and treatment, medical tests, lab tests, radiological tests and studies of infant plaintiff; in failing to prescribe and/or administer and/or timely administer the necessary and proper medications to the infant plaintiff; in improperly prescribing and/or administering medication to the infant plaintiff; in failing to read and/or properly observe infant plaintiff's said signs and/or symptoms and watch and/or observe and/or infant plaintiff's medical conditions; in failing to consult with the necessary and proper physicians and/or specialists; in failing to abide by all public health notices, policies, guidelines and recommendations; in committing all acts and/or omissions of medical malpractice; in

affirmatively causing and/or creating and/or preventing the medical condition and/or conditions which resulted in infant plaintiff sustaining the aforementioned stroke; in failing to supervise and/or properly supervise the physicians, doctors, residents, physicians' assistants, nurses, aide, staff, personnel and/or employees; in failing to train, hire and retain and/or properly train, hire and retain the physicians, doctors, residents, nurses, aide, staff, physicians' assistants, personnel and/or employees; in deviating from all acceptable standards of care; in failing to follow medical guidelines and protocols and all applicable statutes; in committing medical malpractice; and in failing to follow up and/or properly follow up and/or monitor and/or properly monitor the infant plaintiff all of which caused and/or contributed and/or resulted in the infant plaintiff sustaining a stroke and/or right basal ganglia infarct on June 23, 2016.

The physicians, doctors, nurses, aide, staff, personnel and/or employees of the defendant USOA at Boriken Neighborhood Health Center failed to take a necessary and/or proper family history of the infant plaintiff and/or take into account the genetic predisposition and/or family history provided by the infant plaintiff's family from on or about March 9, 2015 through June 17, 2016 and at any and all other times which noted the infant plaintiff's sibling had been deceased for approximately two years and cause of said death all of which caused and/or contributed and/or resulted in infant plaintiff sustaining a stroke and/or right basal ganglia infarct on June 23, 2016.

The physicians, doctors, residents, nurses, physicians' assistants, aide, staff, personnel and/or employees of the defendant USOA at Boriken Neighborhood Health Center failed to monitor and/or continuously monitor and/or properly monitor and/or follow up on the infant plaintiff's medical conditions and/or complaints and/or blood disorder and/or bone marrow disorder and/or platelet disorder and/or clotting disorder and/or sickle cell disorder on or

about from on or about March 9, 2015 through June 17, 2016 and any and all times which the infant plaintiff treated at the aforementioned facility and/or physicians, residents, physicians' assistants, staff, personnel and/or employees all of which caused and/or contributed and/or resulted in infant plaintiff sustaining a stroke and/or right basal ganglia infarct on June 23, 2016.

The physicians, doctors, residents, nurses, aide, staff, physicians' assistants, personnel and/or employees of the defendant USOA at Boriken Neighborhood Health Center failed to take the necessary and/or proper blood tests and/or properly interpret said blood tests and/or properly monitor said blood, bone marrow and/or platelet levels.  In failing to read and/or properly read the blood laboratory report dated March 22, 2016 from The Mount Sinai Hospital which the physicians and/or staff from Boriken Neighborhood Health Center requested that revealed an elevated platelet count of 719 with 500 being normal. As a result of said tests the infant plaintiff should have been referred immediately for further blood testing and/or follow up blood testing and/or radiological studies and/or other treatment and/or sent to the proper specialists and/or prescribed medication and/or proper medication after receiving said blood test results all of which caused and/or contributed and/or resulted in infant plaintiff sustaining a stroke and/or right basal ganglia infarct on June 23, 2016.

The physicians, doctors, residents, nurses, aide, staff, physicians' assistants, personnel and/or employees of the defendant USOA at Boriken Neighborhood Health Center also failed to take the necessary and proper steps in evaluating, treating and diagnosing and/or negligently evaluating, treating and diagnosing infant plaintiff's left leg limp on April 26, 2016. In also failing to evaluate for other signs, symptoms, conditions and diseases that could cause said limp including but not limited to blood disorders and/or blood conditions and/or bone marrow disorder and/or platelet disorder and/or clotting disorder and/or sickle cell disorder,

stroke conditions and any other medical conditions all of which caused and/or contributed and/or resulted in infant plaintiff sustaining a stroke and/or right basal ganglia infarct on June 23, 2016.

The physicians, doctors, residents, nurses, aide, staff, physicians' assistants, personnel and/or employees of the defendant USOA at Boriken Neighborhood Health Center also failed to diagnose and/or properly diagnose the infant plaintiff's stroke condition and/or the signs and symptoms of a stroke and/or risk of having a stroke and/or referred the infant plaintiff to the proper specialists and/or specialty and/or hospital and/or facility who could have diagnosed and/or evaluated and/or treated and/or properly treated and/or prescribed medication and/or proper medication and/or treated and/or prevented infant plaintiff's blood disorders and/or blood conditions and/or bone marrow disorder and/or platelet disorder and/or clotting disorder and/or sickle cell disorder and/or stroke conditions and/or any other medical conditions which could have prevented said stroke.  All of which caused and/or contributed and/or resulted in infant plaintiff sustaining a stroke and/or right basal ganglia infarct on June 23, 2016.

24.)    The date of discovery of the infant plaintiff's aforementioned stroke condition was June 23, 2016 when she sustained the aforementioned stroke and/or right basal ganglia infarct.

25.)    Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the defendant the infant plaintiff suffered a stroke and/or right basal ganglia infarct which resulted in severe and permanent injuries.  The infant plaintiff was injured as follows: The infant plaintiff's body functions and systems have been severely injured and/or damaged resulting in severe neurological and cognitive injuries, brain damage, hemiparesis, epilepsy, developmental delays, speech and language disorders, cognitive/behavioral function and developmental injuries and impairments, movement disorders,

physical function and developmental injuries and impairments, motor function and developmental injuries and impairments and psychological function and developmental injuries, impairments and complications and increasing the risk of future stroke and/or strokes.  The infant plaintiff will have permanent physical pain and suffering, permanent emotional damages and permanent loss of enjoyment of life for the rest of her life.

26.) Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the defendant the infant plaintiff will require medical costs and/or future medical costs since she will require care, treatment, custodial care and assistance for the rest of her life.

27.) Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the defendant the infant plaintiff will have a loss of earnings/wages and/or a loss of earning/wage capacity as a result of the aforementioned injuries.

## AS AND FOR INFANT PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST THE DEFENDANT MSH

28.) Plaintiffs repeat and reallege the allegations set forth in paragraphs one (1) through twenty-seven (27) as if set forth in full here.

29.) On or about approximately April 8, 2015 through and including approximately September 18, 2016 the defendant MSH negligently, carelessly and without regard for the infant plaintiff's health and well-being treated the infant plaintiff in a manner which resulted in severe and permanent bodily injury.

30.) Upon information and belief, the severe and permanent bodily injuries suffered by the infant plaintiff were a direct and proximate result of the carelessness, negligence and improper care and treatment of the defendant in that they: As a result of the medical care,

diagnoses and treatment and/or negligent medical care, diagnoses and treatment by the defendant MSH at hospital and/or facility known as MT. SINAI HOSPITAL by their physicians, doctors, residents, nurses, aide, staff, physicians' assistants, personnel, employees and/or providers and their failure to provide proper medical care and/or treatment and/or failure to meet the accepted standard of care and/or failure to properly and/or timely diagnose or treat infant plaintiff's signs and symptoms and/or refer infant plaintiff to the proper medical professionals and/or specialists as a result of abnormal history, symptoms and/or test results discussed below the infant plaintiff was caused to sustain a stroke and/or right basal ganglia infarct on or about June 23, 2016.

The infant plaintiff was caused to become seriously injured and/or damaged and sustain a stroke and/or right basal ganglia infarct on June 23, 2016 resulting in the injuries discussed below as a result of the negligence of the physicians, doctors, residents, nurses, aide, staff, physicians' assistants, personnel and/or employees of the defendant MSH at hospital and/or facility known as MT. SINAI HOSPITAL in the ownership, operation, control and supervision of the aforementioned facility; in that they failed to diagnose and/or properly diagnose and/or misdiagnosed the infant plaintiff's medical condition; in rendering negligent care and treatment to the infant plaintiff; in failing to take a proper history of the infant plaintiff; in failing to recognize the signs and symptoms of the infant plaintiff's stroke and/or related and/or precursor conditions and/or medical conditions and/or complaints and/or blood disorder and/or bone marrow disorder and/or platelet disorder and/or clotting disorder and/or sickle cell disorder; in failing to treat the infant plaintiff's medical conditions; in failing to timely treat the infant plaintiff's medical conditions; in failing to perform and/or properly perform the care and treatment, medical tests, lab tests, radiological tests and studies of infant plaintiff; in failing to prescribe and/or administer and/or timely administer the necessary and proper medications to the

infant plaintiff; in failing to refer the infant to specialists; in improperly prescribing and/or administering medication to the infant plaintiff; in failing to read and/or properly observe infant plaintiff's said signs and/or symptoms and watch and/or observe and/or infant plaintiff's medical conditions; in failing to consult with the necessary and proper physicians and/or specialists; in failing to abide by all public health notices, policies, guidelines and recommendations; in committing all acts and/or omissions of medical malpractice; in affirmatively causing and/or creating and/or preventing the medical condition and/or conditions which resulted in infant plaintiff sustaining the aforementioned stroke; in failing to supervise and/or properly supervise the physicians, doctors, residents, nurses, aide, staff, physicians' assistants, personnel and/or employees; in failing to train, hire and retain and/or properly train, hire and retain the physicians, doctors, residents, nurses, aide, staff, physicians' assistants, personnel and/or employees; in deviating from all acceptable standards of care; in failing to render proper emergency services; in failing to follow medical guidelines and protocols and all applicable statutes; in committing medical malpractice; and in failing to follow up and/or properly follow up and/or monitor and/or properly monitor the infant plaintiff.  All of which caused and/or contributed and/or resulted in the infant plaintiff sustaining a stroke and/or right basal ganglia infarct on June 23, 2016.

       The physicians, doctors, residents, nurses, aide, staff, physicians' assistants, personnel and/or employees of the defendant MSH at hospital and/or facility known as MT. SINAI HOSPITAL failed to take a necessary and/or proper family history of the infant plaintiff and/or take into account the family history provided by the infant plaintiff's family from on or about April 8, 2015 through approximately September 18, 2016 and at any and all other times which noted the infant plaintiff's sibling had been deceased for approximately two years and

cause of said siblings death all of which caused and/or contributed and/or resulted in infant plaintiff sustaining a stroke and/or right basal ganglia infarct on June 23, 2016.

The physicians, doctors, residents, nurses, aide, staff, physicians' assistants, personnel and/or employees of the defendant MSH at the hospital and/or facility known as MT. SINAI HOSPITAL failed to monitor and/or continuously monitor and/or properly monitor and/or follow up on the infant plaintiff's medical conditions and/or complaints and/or blood disorder and/or bone marrow disorder and/or platelet disorder and/or clotting disorder and/or sickle cell disorder on or about from on or about April 8, 2015 through approximately September 18, 2016 and any and all times which the infant plaintiff treated at the aforementioned facility all of which caused and/or contributed and/or resulted in infant plaintiff sustaining a stroke and/or right basal ganglia infarct on June 23, 2016.

The physicians, doctors, residents, nurses, aide, staff, physicians' assistants, personnel and/or employees of the defendant MSH at the hospital and/or facility known as MT. SINAI HOSPITAL failed to take the necessary and/or proper blood tests and/or properly interpret said blood tests and/or properly monitor said blood, bone marrow and/or platelet levels; in failing to read and/or properly read the blood laboratory report dated March 22, 2016 from MT. SINAI HOSPITAL which revealed an elevated platelet count of 719 with 500 being normal. As a result of said tests the infant plaintiff should have been referred for further blood testing and/or follow up blood testing and/or radiological studies and/or other treatment and/or sent to the proper specialists and/or prescribed medication and/or proper medication after receiving said blood test results all of which caused and/or contributed and/or resulted in infant plaintiff sustaining a stroke and/or right basal ganglia infarct on June 23, 2016.

The physicians, doctors, residents, nurses, aide, staff, physicians' assistants, personnel and/or employees of the defendant MSH at the hospital and/or facility known as MT. SINAI HOSPITAL also failed to take the necessary and proper steps in evaluating, treating and diagnosing and/or negligently evaluating, treating and diagnosing infant plaintiff's left leg limp; in also failing to evaluate for other signs, symptoms, conditions and diseases that could cause said limp including but not limited to blood disorders and/or blood conditions and/or bone marrow disorder and/or platelet disorder and/or clotting disorder and/or sickle cell disorder, stroke conditions and any other medical conditions all of which caused and/or contributed and/or resulted in infant plaintiff sustaining a stroke and/or right basal ganglia infarct on June 23, 2016.

The physicians, doctors, residents, nurses, aide, staff, physicians' assistants, personnel and/or employees of the defendant MSH at the hospital and/or facility known as MT. SINAI HOSPITAL also failed to diagnose and/or properly diagnose the infant plaintiff's stroke condition and/or the signs and symptoms of a stroke and/or risk of having a stroke and/or referred the infant plaintiff to the proper specialists and/or specialty and/or hospital and/or facility who could have diagnosed and/or evaluated and/or treated and/or properly treated and/or prescribed medication and/or proper medication and/or treated and/or prevented infant plaintiff's blood disorders and/or blood conditions and/or bone marrow disorder and/or platelet disorder and/or clotting disorder and/or sickle cell disorder and/or stroke conditions and/or any other medical conditions which could have prevented said stroke.  All of which caused and/or contributed and/or resulted in infant plaintiff sustaining a stroke and/or right basal ganglia infarct on June 23, 2016.

The physicians, doctors, residents, nurses, aide, staff, physicians' assistants, personnel and/or employees of the defendant MSH at the hospital and/or facility known as MT.

SINAI HOSPITAL also failed to obtain and/or review and/or properly review any and all of the infant plaintiff's medical records and radiologic studies from any and all other medical facilities and/or physicians and/or specialists. All of which caused and/or contributed and/or resulted in infant plaintiff sustaining a stroke and/or right basal ganglia infarct on June 23, 2016. The date of discovery of the infant plaintiff's aforementioned stroke condition was June 23, 2016 when she sustained the aforementioned stroke and/or right basal ganglia infarct.

31.) Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the defendant the infant plaintiff suffered a stroke and/or right basal ganglia infarct which resulted in severe and permanent injuries. The infant plaintiff was injured as follows: The infant plaintiff's body functions and systems have been severely injured and/or damaged resulting in severe neurological and cognitive injuries, brain damage, hemiparesis, epilepsy, developmental delays, speech and language disorders, cognitive/behavioral function and developmental injuries and impairments, movement disorders, physical function and developmental injuries and impairments, motor function and developmental injuries and impairments and psychological function and developmental injuries, impairments and complications and increasing the risk of future stroke and/or strokes. The infant plaintiff will have permanent physical pain and suffering, permanent emotional damages and permanent loss of enjoyment of life for the rest of her life.

32.) Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the defendant the infant plaintiff will require medical costs and/or future medical costs since she will require care, treatment, custodial care and assistance for the rest of her life.

33.) Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the defendant the infant plaintiff will have a loss of earnings/wages and/or a loss of earning/wage capacity as a result of the aforementioned injuries.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST THE DEFENDANT USOA

34.) Plaintiffs repeat and reallege the allegations set forth in paragraphs one (1) through thirty-three (33) as if set forth in full here.

35.) As a result of the claim of negligence, carelessness and recklessness of the defendant above and the injuries sustained by the infant plaintiff the plaintiff JOANN ANDERSON has sustained the loss of services of the infant plaintiff of which she has been and will be deprived and will incur reasonable necessary expenses in an effort to restore the infant to health.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION AGAINST THE DEFENDANT MSH

36.) Plaintiff repeats and realleges the allegations set forth in paragraphs one (1) through thirty-five (35) as if set forth in full here.

37.) As a result of the claim of negligence, carelessness and recklessness of the defendant above and the injuries sustained by the infant plaintiff the plaintiff JOANN ANDERSON has sustained the loss of services of the infant plaintiff of which she has been and will be deprived and will incur reasonable necessary expenses in an effort to restore the infant to health.

WHEREFORE, the Plaintiffs hereby demand a trial of all issues so triable, together with judgment against the defendants as follows:

a.) Awarding the infant plaintiff T.A. damages in the amount of forty-one million dollars (41,000,000.00);

b.) Awarding plaintiff JOANN ANDERSON damages in the amount of one million dollars (1,000,000.00);

c.) Awarding plaintiffs' costs and disbursements of this action; and

d.) Awarding plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 27, 2018

Yours, etc.

*s/John J. Appell, Esq.*
John J. Appell, Esq.
APPELL & PARRINELLI
Attorney for Plaintiff(s)
3 West 35th Street
New York, New York 10001
(212) 947-0101